FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
JODY WOOD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY WOOD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and, CATHOLIC HEALTH INITIATIVES LONG TERM DISABILITY PLAN,<br><br>　　　　Defendants. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

　　　1.　　This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

　　　2.　　The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

1 Those avenues of appeal have been exhausted.

2  3. Plaintiff is informed and believes and thereon alleges that Catholic Health Initiatives Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Catholic Health Initiatives ("CATHOLIC") to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, JODY WOOD ("Mr. WOOD"), with income protection in the event of a disability and is the Plan Administrator.

8  4. Plaintiff alleges upon information and belief that Defendant THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

14  5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant PRUDENTIAL, which fully insured the policy and which is ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or about May 13, 1901, PRUDENTIAL has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

20  6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of CATHOLIC, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

23  7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number GD-49038-CO that had been issued by Defendant PRUDENTIAL to insure the Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

27  8. The Plan defines "Disability" or "Disabled" as follows: For the first 24 months of disability payments You are unable to perform the material and substantial

duties of your regular occupation due to your sickness or injury and you are under the regular care of a doctor; and you have a 20% or more loss in your monthly earnings due to that sickness or injury. Thereafter: You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience; and you are under the regular care of a doctor.

9. Based upon information and belief, Plaintiff alleges that the Plan promised to pay Plaintiff Long Term Disability benefits for a period of time should he become disabled. Therefore, Defendant, PRUDENTIAL, both funds the benefits and decides if claimants will receive benefits under the Plan, and as such suffers from a structural conflict of interest.

10. Prior to his disability under the plan, Mr. WOOD was working as a Maintenance Engineer.

11. On or about October 4, 2018, Plaintiff became disabled under the terms of the Plan due to pain imposed by his left inguinal hernia and migraine headaches.

12. On or about October 8, 2018, Curtis Hesse, D.O., a specialist in Family Medicine, provided a description of Mr. WOOD's current symptomatology. The doctor reported that his patient was experiencing moderate pain in his suprapubic area due to his hernia and could not sit down on the exam table without a lot of discomfort.

13. On or about October 16, 2018, Jacqueline Crampton, an Advanced Registered Nurse Practitioner (ARNP), stated that Plaintiff's current diagnosis was left inguinal hernia with acute right inguinal/testicular pain and that his current absence from work was medically necessary. Mr. WOOD's current return to work date was unknown at this time, and he had also been referred to a general surgeon for further consultation.

14. On or about December 14, 2018, Michelle Doty, ARNP, reported that Plaintiff had a double hernia repair on November 1, 2018, and that there was currently a rash around the incision sites. Headaches, vomiting, and abdominal pain were described as Mr. WOOD's primary symptoms at this time.

15. On or about January 11, 2019, Nurse Doty indicated that Plaintiff's headaches had persisted to this date. Mr. WOOD's headaches were said to start at the base of his head and left side of his neck with pain radiating into his lower back. Photophobia, vision changes, and an aura with halos were also reported.

16. On or about January 21, 2019, Nurse Doty completed an Attending Physician Statement detailing Plaintiff's current condition. Mr. WOOD's primary diagnosis was noted to be "Bilateral hernia repair" with his secondary diagnosis noted to include "migraine." The nurse also indicated that Plaintiff's absence from work was medically necessary at this time.

17. On or about February 11, 2019, Dr. Hesse reported that Plaintiff was continuing to experience migraine headaches. Mr. WOOD's pain relating to these headaches was described as moderate-to-moderately severe.

18. On or about March 12, 2019, Elizabeth Hartman, M.D., a Neurologist who has treated Plaintiff, indicated that while Mr. WOOD has dealt with headaches before, the headaches had started to progressively worsen over the past six months. Associated symptoms included blurred vision, irritability, poor sleep, and severe pain.

19. On or about March 28, 2019, Plaintiff underwent an MRI examination of his brain at CNOS. The examination revealed "a few small scattered foci of FLAIR signal hyper-intensity in subcortical white matter bilateral frontal lobes." These foci were further noted to be "seen in patients with chronic migraine headaches."

20. On or about September 26, 2019, Nurse Crampton wrote a letter describing the effectiveness of medication on controlling Plaintiff's symptoms. The nurse indicated that Mr. WOOD's prescribed medications have only been partially effective in controlling his headache pain, fatigue, mental fog, and night sweats. Nurse Crampton went on to say that the severity of Plaintiff's current symptomatology, even on medication, was enough to render him unable to perform his own occupation at this time.

21. On or about October 1, 2019, Dr. Hartman documented that Plaintiff's headaches varied in severity and that they almost always occurred in the occipital region of his head, and that he sees a flashing light with severe headaches even when he closes his eyes.

22. On or about October 10, 2019, Dr. Hartman completed a Capacity Questionnaire; the doctor stated that Mr. WOOD would need to avoid heavy lifting, bright/fluorescent lights, loud noises and extreme temperatures. He would also need to have 15-minute breaks every two hours.

23. On or about March 26, 2020, Allison Owings, a Nurse Practitioner, detailed her findings from a telephone encounter with Plaintiff. Nurse Owings indicated that Mr. WOOD told her that he was experiencing 14 severe headache days a month and had set up a bed in his walk-in closet so he has a dark place to relax when he has a severe headache. Fatigue was also mentioned to be a significant symptom in relation to Plaintiff's headaches.

24. Plaintiff was initially approved for benefits based on his onset date of October 4, 2018, and paid for the period from April 2, 2019 through August 31, 2019. In correspondence dated September 5, 2019, PRUDENTIAL unreasonably and unlawfully denied Mr. WOOD's claim, stating that he was no longer disabled. PRUDENTIAL subsequently upheld its unreasonable and unlawful denial in correspondence dated December 30, 2019, and again on August 7, 2020.

25. According to PRUDENTIAL's denial letters:

- **September 5, 2019:** "After careful review, we have terminated your claim and no further benefits are payable. […] If you disagree with this decision you have the right to appeal."
- **December 30, 2019:** "We have completed our review of your first request for reconsideration of our decision to terminate your claim for Long Term Disability (LTD) benefits under the Group Policy No. 49038 issued to Catholic Health Initiatives. We have determined that our

decision was appropriate and have upheld our decision to terminate your claim for LTD benefits. [...] You may again appeal this decision to Prudential's Appeals Review Unit for a final decision."

- **August 7, 2019:** "We have determined that our decision was appropriate and have upheld our decision. [...] This decision is final and cannot be appealed further to Prudential. If you still disagree with the above decision, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA)."

26. To date, even though Plaintiff has been disabled, PRUDENTIAL has not paid Mr. WOOD disability benefits under the Policy since on or about August 31, 2019. The unlawful nature of PRUDENTIAL's denial decision is evidenced by, but not limited to, the following:

- PRUDENTIAL ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claim; and

- PRUDENTIAL failed to give appropriate weight to Plaintiff's consistently and well documented reports of pain and limited functional capacity;

- PRUDENTIAL ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, PRUDENTIAL'S highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

27. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan, and contrary to law. Further, Defendant PRUDENTIAL's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under Abatie v. Alta Health & Life Insurance Co., 458 F.3d 955 (9th Cir. 2006) and Metropolitan Life Insurance Co. v. Glenn, 128 S. Ct. 2342 (2008).

28. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

29. As a direct and proximate result of PRUDENTIAL's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits from on or about September 1, 2019, to the present.

30. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such fees and costs paid by Defendant pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

31. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits including, but not limited to, reimbursement of all expenses and premiums paid for such benefits from

the termination of benefits to the present.  In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff from September 1, 2019, to the present, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits including, but not limited to, reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining that Plaintiff is entitled to future payments so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees and costs incurred in this action; and

4. For such other and further relief as the Court deems just and proper.

Dated: January 26, 2021

**DarrasLaw**

*/s/ Frank N. Darras*

FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
JODY WOOD